UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM WALLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1112 (ESH) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff William Waller filed a *pro se* complaint on May 30, 2006, alleging errors by the Internal Revenue Service ("IRS) "in connection with the collection of [a] federal tax" (Compl. ¶ 1), and seeking damages under 26 U.S.C. § 7433. For the reasons explained below, the Court finds that plaintiff's complaint fails to state a claim upon which relief can be granted and therefore dismisses the case without prejudice.

### BACKGROUND

Plaintiff's complaint alleges that "beginning with 'tax year' 1998," "officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal tax[,] recklessly, intentionally or by reason of negligence" violated myriad provisions of the Internal Revenue Code and its accompanying regulations. (Compl. ¶ 1.) Plaintiff sought damages for the alleged violations under 26 U.S.C. § 7433. (Compl. ¶ 30.) Plaintiff's case is one of dozens of virtually identical *pro se* complaints recently filed in the U.S. District Court for the District of Columbia. Several of these cases have previously been dismissed by this Court for

lack of subject matter jurisdiction owing to plaintiffs' failure to exhaust administrative remedies. *See, e.g., Stephens v. United States*, Order, 06-1006 (D.D.C. June 27, 2006) . Therefore, on June 21, 2006, the Court ordered plaintiff to show cause why jurisdiction over his claim was proper. *Waller v. United States*, Order, 06-1112 (D.D.C. June 21, 2006) ("Show Cause Order" or "Order"). As required for *pro se* litigants under *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court informed plaintiff that failure to respond could result in the Court dismissing the case. (Order at 2.) The Order instructed plaintiff to explain how he had exhausted his administrative remedies as required by 26 U.S.C. § 7433(d)(1) and 26 C.F.R. § 301.7433-1(a), (d), (e), and attach all documentation reflecting the filing of a claim as described in 26 C.F.R. § 301.7433-1(e)(2). Plaintiff did not respond to the Court's Show Cause Order. Therefore, the Court finds that because plaintiff has failed to demonstrate compliance with the exhaustion requirements of the Internal Revenue Code and regulations promulgated pursuant thereto, he has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

Plaintiff argues that jurisdiction properly lies in this Court under 26 U.S.C. § 7433, which provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a). With respect to exhaustion, the statute states that a "judgment for damages shall not be awarded under [§ 7433] unless the court determines that the plaintiff has exhausted

the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id*. § 7433(d)(1).

The IRS has established by regulation the procedure by which a taxpayer may pursue a claim under section 7433. *See* 26 C.F.R. § 301.7433-1. These regulations make clear that an "action for damages filed in federal district court may not be maintained unless the taxpayer has filed an administrative claim pursuant to . . . this section." *Id*. § 301.7433-1(a). In order to properly file an administrative claim, a taxpayer must write to the "Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." *Id*. § 301.7433-1(e)(1). The regulations spell out with specificity the information that must be provided to the Area Director, including, *inter alia*, the "grounds, in reasonable detail, for the claim;" a "description of the injuries incurred;" and the "dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable." *Id*. § 301.7433-1(e)(2)(ii) - (iv). The taxpayer is further required to provide any "substantiating documentation" supporting his claim. *Id*. A civil action in federal district court cannot be maintained until either the IRS rules on the claim, or six months pass without a decision by the IRS on a properly filed claim. *Id*. § 301.7433-1(d)(i)-(ii).

In his complaint, plaintiff does no more than assert that he need not comply with the exhaustion requirement because the agency "'has articulated a very clear position on the issue which it has demonstrated it would be unwilling to consider.'" (Compl. ¶ 7 (citing *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986).) In support of this position plaintiff cites "voluminous correspondence" sent by the agency "that articulates a very clear position that the IRS is unwilling to reconsider." (Compl. ¶ 11.) Yet the mere "probability

of administrative denial" is insufficient to waive exhaustion. *Randolph-Sheppard*, 795 F.2d at 106. Plaintiff has introduced no evidence that the agency has a "preconceived position on, or lacks jurisdiction over" his claim. *Id*. at 107.

Plaintiff failed to respond to the Court's explicit directive to explain how he exhausted his administrative remedies and to provide "all documentation reflecting the filing of a claim as described" by the regulations. (Show Cause Order at 2.) None of the few pieces of correspondence attached to the Complaint demonstrates that plaintiff has taken any steps to comply with 26 U.S.C. § 7433's [exhaustion] requirement. *Cf. Cooper v. United States*, No. 05-1192, Order at 2, 3 n.2 (D.D.C. Dec. 8, 2005) (recognizing, in a virtually identical case ultimately dismissed for lack of venue, that plaintiff's failure to allege sufficient facts in support or to establish exhaustion doomed his § 7433 claim). In plaintiff's response to the Show Cause Order, he merely asserts that the Order was "frivolous," (Pl.'s Resp. To Order To Show Cause ("Pl.'s Resp.") at 1), failing to address the substance of the Court's Order entirely. Nor would it be appropriate for the court to waive the exhaustion requirement in this case. "If the statute does mandate exhaustion, a court cannot excuse it." *Id*. at 1247-48 (citing *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000).) Though the Court finds that the exhaustion requirement in this case in non-jurisdictional in nature, *see Turner v. United States*, __ F. Supp.2d __, 2006 WL 1071852 (D.D.C. 2006) (citing *Arbaugh v. Y&H Corp.*, 126 S.Ct. 1235 (2006)), it declines to waive the exhaustion requirement here. The exhaustion requirment "preserves the autonomy of the administrative agency by allowing the agency to apply its expertise and to exercise its discretion," *Athlone Indus., Inc. v. Consumer Prod. Safety Comm'n*, 707 F.2d 1485, 1488 (citing *McKart v. United States*, 395 U.S. 185, 194 (1969)); it "promotes

effective and efficient judicial review by ensuring that such review is of a fully developed factual record," *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986); *see also Athlone Indus.*, 707 F.2d at 1488; and it gives "agencies the opportunity to correct their own errors." *Marine Mammal Conservancy, Inc. v. U.S. Dep't of Agric.*, 134 F.3d 409, 414 (D.C. Cir. 1998). Therefore, it is a "long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938). While courts have excused exhaustion when such a requirement "would be futile because of the certainty of an adverse decision," 3 K. Davis, Administrative Law Treatise § 20.07 (1958), this exception is limited to instances in which "the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." *Avocados Plus*, 370 F.3d at 1247 (D.C. Cir. 2004) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992)). Plaintiff has not demonstrated that he meets this high standard.

## CONCLUSION

The Court finds that it by failing to exhaust his administrative remedies as required by 26 U.S.C. § 7433, plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). It is hereby **ORDERED** that the case be dismissed without prejudice.

s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE:   July 7, 2006